# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. STEVEN MCDANIEL,
          Petitioner,

       v.

DEPARTMENT OF VETERANS
  AFFAIRS,
          Agency.

DOCKET NUMBER
CB-1208-23-0006-U-3

DATE: July 19, 2023

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Dustin Seth Frankel, Esquire, Washington, D.C., for the petitioner.

Katherine W. Krems, Esquire, Washington, D.C., for the relator.

Glen E. Woodworth, Esquire, Anchorage, Alaska, for the agency.

Theodore M. Miller, Esquire, Seattle, Washington, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## ORDER ON STAY EXTENSION REQUEST

¶1        Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 60-day extension of the previously granted stay of Mr. McDaniel's probationary termination by the Department of Veterans Affairs (agency) while OSC completes its investigation and legal review of the matter and determines whether to seek corrective action.  For the reasons discussed below, OSC's request is GRANTED.

## BACKGROUND

¶2        On April 6, 2023, OSC requested a 45-day initial stay request of the probationary termination of Mr. McDaniel based on alleged misconduct.  *Special Counsel ex rel. Steven McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-1, Stay Request File, Tab 1.  In its initial stay request, OSC argued that it had reasonable grounds to believe that the agency's action was in retaliation for Mr. McDaniel's protected disclosures and activities under 5 U.S.C. § 2302(b)(8) and (b)(9)(C).  *Id.*  On April 10, 2023, OSC's initial stay request was granted through and including May 24, 2023.  *Special Counsel ex rel. Steven McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-1, Order on Stay Request, ¶¶ 1, 10 (Apr. 10, 2023).  By order dated May 24, 2023, the Board granted OSC's request to extend the stay for 60 days, through and including July 23, 2023, on the same basis as the initial stay request.  *Special Counsel ex rel. Steven McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-2, Order on Stay Extension Request, ¶¶ 1, 6-8 (May 24, 2023).

¶3        On July 7, 2023, OSC filed a timely second request to extend the stay for an additional 60 days.  *Special Counsel ex rel. Steven McDaniel v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-23-0006-U-3, Stay Request File (U-3 SRF), Tab 1.  The agency filed a response in opposition to OSC's request.  U-3 SRF, Tab 2.

## ANALYSIS

¶4        A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice. *Id.* In evaluating a request for an extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable. *Id.* at 158. The Board may grant the extension for any period that it considers appropriate. 5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007).

¶5        In requesting a second 60-day extension of the existing stay, OSC asserts that, based on the factual record, which remains largely unchanged, it continues to have reasonable grounds to believe that Mr. McDaniel's probationary termination constituted a prohibited personnel practice in violation of 5 U.S.C. §§ 2302(b)(8) and (b)(9)(C). U-3 SRF, Tab 1 at 2-8. OSC explains the actions it has taken thus far in its investigation, to include, among other things, serving the agency with requests for information, reviewing documents, and interviewing approximately 13 witnesses. *Id.* at 3, 8. OSC also states that on June 2, 2023, the agency produced over 250,000 electronic records, which OSC expended a significant amount of time and energy reviewing during the first stay extension. *Id.* OSC also asserts that its investigation is substantially complete, and requests this additional extension to prepare a report of its findings and conclusions for the Special Counsel, in accordance with 5 U.S.C. § 1214(b)(2)(B). *Id.* at 2-3, 8.

¶6        The agency has opposed OSC's request, asserting that OSC cannot establish that Mr. McDaniel's probationary termination violated 5 U.S.C. §§ 2302(b)(8) and (b)(9)(C), because the individuals with knowledge of his protected disclosures and activities, as identified by OSC, did not make the decision to terminate him. U-3 SRF, Tab 2 at 4, 8-9. Instead, the agency asserts that a Chief

Human Resources Officer, without knowledge of Mr. McDaniel's protected disclosures and activities, made the decision to terminate Mr. McDaniel during his probationary period. *Id.* at 4, 8. Therefore, the agency claims that OSC cannot establish that any protected disclosure was a contributing factor in Mr. McDaniel's probationary termination. *Id.* at 8. The agency attaches, among other things, a copy of the probationary termination letter, which was signed by the Chief Human Resources Officer.[2] *Id.* at 20-22.

¶7        As an initial matter, the fact that the Chief Human Resources Officer signed the probationary termination letter does not serve as evidence that the individuals identified by OSC as having knowledge of Mr. McDaniel's protected disclosures and/or activities did not make or influence the decision. In fact, OSC has alleged that the official who effected the removal action acted at the direction of an individual identified by OSC as having knowledge of Mr. McDaniel's protected disclosures and activities. U-3 SRF, Tab 1 at 7. In any event, a proceeding on OSC's request for an extension of a stay is not intended to be a substitute for a complete hearing on the merits of OSC's claim. *Special Counsel v. Department of Transportation*, 71 M.S.P.R. 87, 90 (1996). Rather, the Board considers only whether OSC's prohibited personnel practice claim is clearly unreasonable. *Id.* Viewing the record in the light most favorable to OSC, we find that OSC's claim is not clearly unreasonable. *See id.* In other words, the agency has not demonstrated that, if OSC proves all of its allegations, it could not establish the occurrence of a prohibited personnel practice. *Id.* Therefore, nothing submitted

---

[2] The agency also attaches a copy of the Standard Form 50 showing Mr. McDaniel's appointment, an email chain between Mr. McDaniel and the agency's Security Office Chief of Police reporting officer misconduct, and an email from the agency's Office of the Inspector General confirming that an investigation had been opened into the officer misconduct allegation. U-3 SRF, Tab 2 at 12-18. To the extent that the agency attempts to argue the merits of its case, a stay proceeding is not intended to be a substitute for a complete hearing on the merits of OSC's claim. *Special Counsel v. Department of Transportation*, 71 M.S.P.R. 87, 90 (1996).

by the agency changes our previous determination that OSC's prohibited personnel practice claim is not clearly unreasonable.

¶8        A separate determination must be made on the length of a requested stay. *Waddell*, 105 M.S.P.R. 208, ¶ 5.  It is the intent of Congress that stays not be extended for prolonged periods of time.  *Special Counsel v. Department of the Treasury*, 71 M.S.P.R. 419, 421 (1996).  Moreover, the Board is obligated to press OSC to present corrective action cases in a timely manner.  *Id.*  However, because this is only OSC's second extension request, there is extensive documentation in this case, and OSC has already substantially completed its investigation, we find that a 60-day extension of the stay is warranted, and we therefore grant OSC's request.

**ORDER**

¶9        Pursuant to 5 U.S.C. § 1214(b)(1)(B), a 60-day extension of the stay is hereby GRANTED, and it is ORDERED as follows:

(1)    The stay issued on April 10, 2023, is extended through and including September 21, 2023, on the terms and conditions set forth in that Order;

(2)    The agency shall not effect any changes in Mr. McDaniel's duties or responsibilities that are inconsistent with his salary or grade level, or impose upon him any requirement that is not required of other employees of comparable position, salary, or grade level;

(3)    Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)    Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before September 6, 2023; and

(5)    Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before September 13, 2023.

FOR THE BOARD:        /s/ for

                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.